KOZINSKI, Circuit Judge,
dissenting from the denial of rehearing en banc:
Judge Graber’s dissental provides many excellent reasons why this case should have been reheard en banc. I write only to suggest an alternative reading of Descamps ’s footnote 2, one that I believe better reconciles the footnote’s text with the rest of the Court’s opinion.
In my view, footnote 2 indicates that, when confronted with a statute phrased in the disjunctive, we should look to the Shepard documents for the limited purpose of determining what that statute’s elements are. Footnote 2 states, “Whatever a statute lists (whether elements or means), the [Shepard ] documents ... reflect the crime’s elements.” Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013) (emphasis added). It also says, “When a state law is drafted in the alternative, [a] court merely resorts to the approved documents and compares the elements revealed there to those of the generic offense.” Id. (emphasis added). These sentences clearly indicate that the Court believed a crime’s elements can be discerned from the Shepard documents, and that we are permitted to look to them for that purpose.
This does not mean, however, that we should use the modified categorical approach irrespective of whether a statute lists “elements” or “means.” Rather, Descamps permits us to peek at the Shepard documents in order to determine which approach to use. If those documents show that a statutory term was an element of the offense, we may employ the modified categorical approach and use the documents to determine whether a defendant committed a state crime falling within the ambit of the relevant federal statute. But if the Shepard documents instead show that the statutory alternative was simply a means of committing the offense, then we are not permitted to further use those documents to determine whether the defendant in fact committed an offense falling within the federal definition.
*474 In this case, therefore, the panel should have initially looked to the Shepard documents for the sole and limited purpose of determining whether “intent to commit larceny” was an element of the offense. If the documents revealed it was not an element, the panel could conclude — as it did — that California Penal Code section 459 is categorically broader than an attempted theft offense under 8 U.S.C. § 1101(a)(43)(U), and that petitioner’s conviction under the state statute did not render him ineligible for cancellation. That is so even if the Shepard documents also revealed that petitioner, as a factual matter, had an intent to commit larceny and had therefore attempted to commit a “theft offense” within the meaning of the federal statute. In short, a court should first look to the Shepard documents to determine a crime’s elements, and then, on that basis, decide whether the categorical or modified categorical approach is appropriate.
Such a methodology is the . best, and perhaps only, way to reconcile the text of Descamps’s footnote 2 with the rest of the opinion. Given Descamps’s 'singular focus on conducting “an elements-based inquiry” rather than an “evidence-based one,” Descamps, 133 S.Ct. at 2287, it would make little sense for us to treat elements and means interchangeably. On the other hand, I cannot endorse the panel’s implicit conclusion that footnote 2 is just a cluster of errant sentences, irreconcilable with the rest of the opinion and free for us to disregard. Descamps makes clear that “a court need not parse state law” to determine a crime’s elements, and the panel’s holding is in open conflict with that pellucid instruction. Id. at 2285 n. 2.
I admit that examining the Shepard documents to determine an offense’s elements comes with its own set of problems. The documents may not clearly reveal which statutory terms are, in fact, elements. And, even if they do, reliance on such documents will inevitably mean that convictions under the same state statute -will sometimes be treated differently for federal law purposes. But there’s no perfect way of handling disjunctive statutes, and the approach footnote 2 adopts seems to me as good as any. It limits judicial fact-finding to the narrow and inescapable task of determining what an offense’s elements are. And it doesn’t require us to engage in the laborious and often inscrutable exercise of parsing state law.
More importantly, whether or not one agrees with Descamps’s methodology, we are obligated to implement it. Given the degree of conflict and confusion amongst the circuits, the Supreme Court will surely revisit this issue sooner rather than later. And, when it does so, I believe it will tell us in no uncertain terms that the panel’s opinion here has led us badly astray.